HERGET, Judge.
On December 8, 1959 Mr. Kermit Cooper, an employee of Ethyl Corporation of Baton Rouge, Louisiana, borrowed $14,290 secured by a collateral mortgage note from Ethyl Employees Federal Credit Union, plaintiff herein. $10,000 of this amount was insured under a blanket life insurance policy issued by Cuna Mutual Insurance Society. On January 2, 1960 Mr. Cooper died. Upon his death suit was instituted by Plaintiff for the sum of $10,033.43 together with interest thereon at the rate of 1% per month from April 29, 1960 until paid together with attorneys fees in the amount of 20% on both principal and interest and all costs of this proceeding against the defendants, Mrs. Ellen Rushing Cooper, Julia Cooper Davis, Barbara Cooper Fore and Joe H. Cooper, the heirs of Mr. Kermit Cooper.
Defendants answered by way of general denial the petition of Plaintiff, and by third party petition brought Cuna Mutual Insurance Society in as third party defendant, alleging in the event Defendants be adjudged liable in any manner to ’Plaintiff credit union that judgment be rendered in favor of Defendants, third party Plaintiffs, against Cuna Mutual Insurance Society for any and all amounts for which Defendants, third party Plaintiffs, are adjudged liable as well as for attorney fees and costs incurred in these proceedings. From a judgment of the Trial Court in favor of Mrs. Ellen Rushing Cooper, Julia Cooper Davis, Barbara Cooper Fore and Joe H. Cooper, third party plaintiffs, against Cuna Mutual Insurance Society, third party defendant, in the full and true sum of $10,000 together with interest at the rate of 1% per month from April 29, 1960 until paid and 20% on both principal and interest as attorneys fees and all costs, Cuna Mutual Insurance Society perfected this appeal.
Third Party Defendant, Cuna Mutual Insurance Society, issued a policy providing its agreement to insure the lives of borrowers from Plaintiff credit union. One of the conditions of the policy was that the borrower be physically able to perform the usual duties of his livelihood at the time the loan was made.
The evidence reflects Mr. Cooper, an employee of Ethyl Corporation in the capacity of a welder, in June of 1959 suffered a heart attack, in consequence of which he was confined to the hospital for one week and to his home for another week. Subsequent thereto he continued to engage in activities of his livelihood in the construction and sales of houses and through an association with a realtor in the sale of real estate and in political activities, in fact making an active campaign for the office of police juror. However, he was given a medical discharge from his employment with Ethyl Corporation and Cuna contends its liability ended thereby inasmuch as because of inability to perform his work as *612 an employee of Ethyl he was unable to perform the duties of his livelihood, in consequence of which the policy was not effective. From the evidence it can in no way be said Mr. Cooper was disabled to earn a livelihood, howbeit it might be resolved he was unable to perform the duties of a welder at Ethyl.
We are of the opinion without resorting to any technical phraseology the policy could have in very simple terms provided coverage extended only upon the condition assured be capable of performing his duties at Ethyl, had Cuna intended Cooper’s ability to perform his work at Ethyl Corporation to be a condition of the policy. We are satisfied if such construction were intended by the insurer, same could have easily been made a specific condition of the policy. In the absence of such language, the liability assumed by the insurer must be viewed in relation to the general conditions, more specifically — Was Mr. Cooper on the date on which application was made for the loan physically in a position to perform the usual duties of his livelihood? Mr. Cooper sustained a heart attack and subsequent thereto was no longer able to perform the duties of a welder at Ethyl, in consequence of which he was placed on medical discharge. The language of the policy- issued by Cuna to the assured is not restrictive in the sense that the policy is effective only as long as its assured is able to perform his duties at Ethyl, but generally provides the liability assumed is predicated upon Mr. Cooper’s ability to perform “the usual duties of his livelihood” on the date the contract was consummated. While, admittedly, a portion of his income was derived from his employment at Ethyl, without question his livelihood gained from other outside activities and the remunerative returns thereform were substantial. We see no reason in the absence of a specific inclusionary exception, his continued ability to perform his duties' with Ethyl Corporation, to supply same as an exclusion. Accordingly, we are of the opinion the policy issued by Cuna was in full force and effect and Cuna is liable' for the policy limit.
Unquestionably, following the death of Mr. Cooper, Cuna paid the sum of $2,300 for which it is entitled to credit. In addition, there is no provision in the policy for the payment of attorneys fees and interest as assessed by the Trial Court.
For these reasons, the judgment is amended so as to render judgment in favor of Mrs. Ellen Rushing Cooper, Julia Cooper Davis, Barbara Cooper Fore and Joe H. Cooper, third party plaintiffs, against Cuna Mutual Insurance Society, third party defendant, in the full and true sum of $10,000, subject to a credit of $2,300, together with legal interest from date of judicial demand until paid, and reversing the decree of the Trial Court awarding third party Plaintiffs judgment against third party Defendants for attorneys fees and interest other than interest at the rate of S'% from date of judicial demand until paid. Costs to be paid by Cuna Mutual Insurance Company.
Reversed in part, amended and rendered.